USDC IN/ND case 2:21-cv-00042-PPS-JEM document 1-2 filed 01/27/21 page 1 of 12

45D02-2012-CT-001253
Lake Superior Court, Civil Division 2

Filed: 12/22/2020 8:29 PM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT CROWN POINT, INDIANA |

| | |
|---|---|
| JAMES RIFFETT, ) |
| ) |
| Plaintiff, ) |
| ) |
| v. ) CAUSE NO.: |
| ) |
| ARCELORMITTAL INDIANA HARBOR ) |
| n/k/a and/or a/k/a and/or d/b/a ) |
| CLEVELAND-CLIFFS, INC., ) |
| ) |
| Defendant. ) |

## COMPLAINT

Plaintiff, by counsel, complaining of the Defendant states as follows:

1. At all times relevant herein, Plaintiff, JAMES RIFFETT, (hereafter "James") was a resident of the State of Indiana.

2. At all times relevant herein, defendant, ARCELORMITTAL INDIANA HARBOR n/k/a and/or a/k/a and/or d/b/a CLEVELAND-CLIFFS, INC., (hereafter "ArcelorMittal") was a for-profit corporate entity doing business in Lake County, Indiana, by and though its employees and/or authorized agents, in the scope and course of their employment and/or agency, as a steel production mill with its principal place of business in East Chicago, Lake County, Indiana.

3. That on or about August 16, 2019, at about 6:15 a.m., James was an invitee, lawfully and rightfully upon the premises of the ArcelorMittal mill, at or near the number four

basic oxygen furnace (BOF), duly performing work for his employer, KT Grant, Inc, as an operating engineer utilizing a Gradall machine vehicle as part of a work/job project at the mill owned, possessed, occupied, and/or controlled by Arcelor Mittal.

4. On and before August 16, 2019, ArcelorMittal, by and though its employees and/or authorized agents, in the scope and course of their employment and/or agency, owed James, and other invitees working or duly upon the worksite/jobsite premises, a duty to use reasonable care in the ownership, management, possession, occupancy, and control of the worksite/jobsite premises; a duty to use reasonable care in the inspection, maintenance, and repair of the worksite/jobsite premises and working surfaces; a duty to warn of hazards; a duty to protect from dangerous conditions upon the worksite/jobsite premises; and to otherwise make the worksite/jobsite premises reasonably safe so as to avoid causing harm, injury, loss, and damages to persons duly working on the worksite/jobsite premises such as plaintiff.

5. However, on and before August 16, 2019, ArcelorMittal, by and though its employees and/or authorized agents, in the scope and course of their employment and/or agency, breached the foregoing duty or duties, and was negligent and/or reckless in one or more of the following respects, *inter alia*:

   a. Defendant had ownership, possession, occupancy, and control of the worksite/jobsite premises but failed to exercise reasonable and due care in the activity occurring thereupon and the conditions existing thereupon for the safety and wellbeing of invitees and workers such as James;

   b. Defendant chose to allow a longstanding pile of greasy and slippery debris and

  cable to accumulate and exist on its premises work/jobsite in immediate relation to the machinery vehicle operated by James;

c. Defendant failed to reasonably and prudently stage the ongoing subject work project so as to cause the machinery vehicle operated by James to have to be parked, entered, and exited next to and against the longstanding pile of greasy and slippery debris and cable;

d. Defendant directed James and/or his employer to park the machinery vehicle, operated by James, next to and against the longstanding pile of greasy and slippery debris and cable;

e. Defendant failed to reasonably and prudently inspect, maintain, remedy, remove and/or repair the condition of the longstanding pile of greasy and slippery debris and cable where James was forced to work thereby allowing it to act as a hidden trap and danger to James' safety and wellbeing;

f. Defendant failed to reasonably and prudently inspect and timely discover the longstanding pile of greasy and slippery debris and cable where James was forced to work before James commenced working at the location;

g. Defendant allowed a dangerous condition, latent and unanticipated by James, to exist on the worksite/jobsite premises exposing those on the premises such as James to harm;

h. Defendant's housekeeping department failed to report, inspect, maintain, remedy, remove and/or repair the condition of the longstanding pile of greasy and slippery debris and cable where James was forced to work and/or failed to follow housekeeping department rules, procedures, and protocols at the site and/or defendant failed to have any housekeeping department rules, procedures, and protocols in force and effect at the site;

i. Defendant failed to warn James of the dangerous latent and unanticipated condition existing on the jobsite/worksite premises by means of verbal, written, or other warnings which would have made James aware of the dangerous condition;

j. Defendant knew or by the exercise of reasonable care ought to have known or discovered the dangerous condition on its jobsite/worksite premises constituted and

3

        involved an unreasonable risk of harm to James and under such circumstances would be unsafe and likely result in injury to James;

k.    Defendant should have reasonably expected that James would not discover or realize the aforesaid danger or would be unable or fail to protect himself from the aforesaid danger;

l.    Defendant failed to exercise reasonable care to protect James against the aforesaid danger;

m.    Defendant violated and/or failed to comply with applicable OHSA, ANSI or other accepted trade standards in force and effect at the time with regard to the debris pile; and/or

n.    Defendant failed to use the same care that reasonably a prudent entity/person(s) would have used under the same or substantially similar circumstances.

6.    That ArcelorMittal is vicariously liable under the doctrine of Respondent Superior for the negligent acts and/or omissions of its employees and/or authorized agents committed while in the scope and course of their employment and/or agency, as aforesaid.

7.    As a direct and proximate result of the foregoing negligence and/or recklessness, when James attempted to enter the Gradall machine vehicle, James was forced to step onto or against the greasy pile of debris and cable left piled next to the machine and slipped and fell causing James to extend his right arm suffering severe personal injury to his right dominant arm; incurred and will incur hospital, surgical, therapeutic, pharmaceutical, and other medical expenses for repair of his right distal biceps rupture; suffered and will suffer physical pain, accompanying mental anguish; lost wages; and sustained other injuries and losses of a personal and pecuniary nature.

WHEREFORE, Plaintiff respectfully seeks judgment in his favor and against the Defendant in an amount to be determined herein, for the costs of this action, for attorney fees, and for any and all other relief that the Court may deem proper under the circumstances.

Respectfully submitted,

**WALTER J. ALVAREZ, P.C.**
*Attorneys for Plaintiff*

/s/Brock P. Alvarado
Brock P. Alvarado (16348-45)
1524 West 96th Avenue
Crown Point IN 46307
T (219) 662-6400
F (219) 662-6410
Email: brock@gowithalvarez.com

## JURY DEMAND

Plaintiff demands trial by jury as to all allegations raised in his Complaint.

**WALTER J. ALVAREZ, P.C.**
*Attorneys for Plaintiff*

/s/Brock P. Alvarado
Brock P. Alvarado (16348-45)
1524 West 96th Avenue
Crown Point IN 46307
T (219) 662-6400
F (219) 662-6410
Email: brock@gowithalvarez.com

5

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT CROWN POINT, INDIANA |

JAMES RIFFETT, )
                 )
         Plaintiff, )
                 )
       v. )     CAUSE NO.:
                 )
ARCELORMITTAL INDIANA HARBOR )
n/k/a and/or a/k/a and/or d/b/a )
CLEVELAND-CLIFFS, INC., )
                 )
         Defendant. )

### APPEARANCE BY ATTORNEY IN CASE

Party Classification:    Initiating __X__   Responding ___   Intervening

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): JAMES RIFFETT

2. Applicable attorney information for service as requested by Trial Rule 5(b)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

    Name: Steven J. Alvarez    Atty. Number: 30278-45    Email: steven@gowithalvarez.com
    Name: Brock P. Alvarado    Atty. Number: 16348-45    Email: brock@gowithalvarez.com
    Name: Michael F. McFarland    Atty. Number: 32393-45    Email: michael@gowithalvarez.com
    Address: 1524 W. 96th Avenue    Phone Number: (219) 662-6400
                Crown Point, IN 46307    Fax Number: (219) 662-6410

3. There are other party members: Yes ___ No __X__ (If yes, list on continuation page)

4. *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administration Rule 9(b)(3): _____CT_____

5. I will NOT accept service by FAX at any number.

6. This case involves support issues. Yes ___ No __X__ (If yes, supply social security numbers for all family members on continuation page.)

7. There are related cases: Yes ___ No __X__ (If yes, list on continuation page.)

8. This form has been served on all other parties, Certificate of Service Attached: Yes ___ No __X__

9. Additional information required by local rule: _____

                                        */s/Brock P. Alvarado*
                                        Brock P. Alvarado (16348-45)
                                        Attorney-at-Law
                                        Attorney information shown above

45D02-2012-CT-001253
Filed: 12/22/2020 8:29 PM
Clerk
USDC IN/ND case 2:21-cv-00042-PPS-JEM document 1-2 filed 01/27/21 page 7 of 12
Lake Superior Court, Civil Division 2
Lake County, Indiana

| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT CROWN POINT, INDIANA |

JAMES RIFFETT, )
)
    Plaintiff, )
)
v. )    CAUSE NO.:
)
ARCELORMITTAL INDIANA HARBOR )
n/k/a and/or a/k/a and/or d/b/a )
CLEVELAND-CLIFFS, INC., )
)
    Defendant. )

## SUMMONS

THE STATE OF INDIANA TO THE DEFENDANT:   **ArcelorMittal Indiana Harbor**
**n/k/a and/or a/k/a and/or d/b/a**
**Cleveland-Cliffs Inc.**
**c/o Highest Executive Officer**
**3210 Watling St., East Chicago IN 46312**

You have been sued by the person(s) identified as "Plaintiffs" in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk. If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated:   Certified Mail

Attorney for Plaintiff:
Brock P. Alvarado
Ind. Atty. No.: 16348-45
1524 West 96th Avenue
Crown Point, Indiana 46307
Tel. No.: (219) 662-6400

Date: 12/23/2020

LORENZO ARREDONDO, CLERK
LAKE CIRCUIT AND SUPERIOR COURTS
BY:_____
    Deputy Clerk
              PJ

CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2020, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, by mail, requesting a return receipt, at the address furnished by the Plaintiff.

LORENZO ARREDONDO
CLERK, LAKE CIRCUIT AND SUPERIOR COURTS

Dated: _____, _____.     BY: _____
                                              Deputy Clerk

RETURN SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____ was accepted by the Defendant on the _____ day of _____, _____.

LORENZO ARREDONDO
CLERK, LAKE CIRCUIT AND SUPERIOR COURTS

Dated: _____, _____.     BY: _____
                                              Deputy Clerk

RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1.      By delivering on _____, _____, a copy of this SUMMONS, a copy of the COMPLAINT and all other materials filed the same date of each of the within named person(s).

2.      By leaving on _____, _____, for each of the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of _____ in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of the person served, or by otherwise leaving such process thereat, and by mailing a copy of the SUMMONS without the COMPLAINT to the said named person(s) at the address listed herein.

3.      This SUMMONS came to hand this date, _____, _____. The within named _____ was not found in my bailiwick this date, _____, _____.

ALL DONE IN LAKE COUNTY, INDIANA.
OSCAR MARTINEZ, JR.
SHERIFF OF LAKE COUNTY, INDIANA

BY: _____

**SERVICE ACKNOWLEDGED**

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same date attached thereto were received by me at _____ in _____, Indiana, on this date, _____, _____.

_____
Signature of Defendant

45D02-2012-CT-001253

Filed: 12/22/2020 8:29 PM
Clerk
Lake County, Indiana

Lake Superior Court, Civil Division 2

USDC IN/ND case 2:21-cv-00042-PPS-JEM   document 1-2   filed 01/27/21   page 9 of 12

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT CROWN POINT, INDIANA |

JAMES RIFFETT, )
)
    Plaintiff, )
)
v. ) CAUSE NO.:
)
ARCELORMITTAL INDIANA HARBOR )
n/k/a and/or a/k/a and/or d/b/a )
CLEVELAND-CLIFFS, INC., )
)
    Defendant. )

## SUMMONS

THE STATE OF INDIANA TO THE DEFENDANT:   **ArcelorMittal Indiana Harbor**
**n/k/a and/or a/k/a and/or d/b/a**
**Cleveland-Cliffs Inc.**
**c/o CT Corporation System, as Reg Agent**
**334 N Senate Ave., Indianapolis IN 46204**

You have been sued by the person(s) identified as "Plaintiffs" in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk. If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated:   Certified Mail

Attorney for Plaintiff:
Brock P. Alvarado
Ind. Atty. No.: 16348-45
1524 West 96th Avenue
Crown Point, Indiana 46307
Tel. No.: (219) 662-6400

Date: 12/23/2020

LORENZO ARREDONDO, CLERK
LAKE CIRCUIT AND SUPERIOR COURTS
BY:_____
    Deputy Clerk

PJ

[SEAL: LAKE COUNTY COURTS INDIANA]

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2020, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, by mail, requesting a return receipt, at the address furnished by the Plaintiff.

LORENZO ARREDONDO
CLERK, LAKE CIRCUIT AND SUPERIOR COURTS

Dated: _____, _____.          BY: _____
                                                  Deputy Clerk

## RETURN SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____ was accepted by the Defendant on the _____ day of _____, _____.

LORENZO ARREDONDO
CLERK, LAKE CIRCUIT AND SUPERIOR COURTS

Dated: _____, _____.          BY: _____
                                                  Deputy Clerk

## RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on _____, _____, a copy of this SUMMONS, a copy of the COMPLAINT and all other materials filed the same date of each of the within named person(s).

2. By leaving on _____, _____, for each of the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of _____ in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of the person served, or by otherwise leaving such process threat, and by mailing a copy of the SUMMONS without the COMPLAINT to the said named person(s) at the address listed herein.

3. This SUMMONS came to hand this date, _____, _____. The within named _____ was not found in my bailiwick this date, _____, _____.

ALL DONE IN LAKE COUNTY, INDIANA.
OSCAR MARTINEZ, JR.
SHERIFF OF LAKE COUNTY, INDIANA

BY: _____

## **SERVICE ACKNOWLEDGED**

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same date attached thereto were received by me at _____ in _____, Indiana, on this date, _____, _____.

_____
Signature of Defendant

45D02-2012-CT-001253     Filed: 12/22/2020 8:29 PM
Clerk
Lake Superior Court, Civil Division 2     Lake County, Indiana

USDC IN/ND case 2:21-cv-00042-PPS-JEM document 1-2 filed 01/27/21 page 11 of 12

| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT CROWN POINT, INDIANA |

| JAMES RIFFETT, | ) |  |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: |
| | ) | |
| ARCELORMITTAL INDIANA HARBOR | ) | |
| n/k/a and/or a/k/a and/or d/b/a | ) | |
| CLEVELAND-CLIFFS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SUMMONS

THE STATE OF INDIANA TO THE DEFENDANT:     **ArcelorMittal Indiana Harbor**
**n/k/a and/or a/k/a and/or d/b/a**
**Cleveland-Cliffs Inc.**
**c/o Highest Executive Officer**
**3001 Dickey Road, East Chicago IN 46312**

You have been sued by the person(s) identified as "Plaintiffs" in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk. If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated:     Certified Mail

Attorney for Plaintiff:
Brock P. Alvarado
Ind. Atty. No.: 16348-45
1524 West 96th Avenue
Crown Point, Indiana 46307
Tel. No.: (219) 662-6400

Date:     12/23/2020

LORENZO ARREDONDO, CLERK
LAKE CIRCUIT AND SUPERIOR COURT
BY: _____
    Deputy Clerk

PJ

[SEAL — LAKE COUNTY COURTS, INDIANA]

CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2020, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, by mail, requesting a return receipt, at the address furnished by the Plaintiff.

LORENZO ARREDONDO
CLERK, LAKE CIRCUIT AND SUPERIOR COURTS

Dated: _____, _____.       BY: _____
                                                  Deputy Clerk

RETURN SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____ was accepted by the Defendant on the _____ day of _____, _____.

LORENZO ARREDONDO
CLERK, LAKE CIRCUIT AND SUPERIOR COURTS

Dated: _____, _____.       BY: _____
                                                  Deputy Clerk

RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on _____, _____, a copy of this SUMMONS, a copy of the COMPLAINT and all other materials filed the same date of each of the within named person(s).

2. By leaving on _____, _____, for each of the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of _____ in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of the person served, or by otherwise leaving such process threat, and by mailing a copy of the SUMMONS without the COMPLAINT to the said named person(s) at the address listed herein.

3. This SUMMONS came to hand this date, _____, _____. The within named _____ was not found in my bailiwick this date, _____, _____.

ALL DONE IN LAKE COUNTY, INDIANA.
OSCAR MARTINEZ, JR.
SHERIFF OF LAKE COUNTY, INDIANA

BY: _____

**SERVICE ACKNOWLEDGED**

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same date attached thereto were received by me at _____ in _____, Indiana, on this date, _____, _____.

_____
Signature of Defendant